The Corner then delivered the following decree:
This is too plain a case to admit of any doubt. It w >uld, indeed, be highly mischievous, and tend to the endangering all property, however disposed of by deed or will, if such parol testimony should bp admitted. I will not lay any stress upon the length of time which has elapsed, and the death of all the original and principal actors in this business, before any attempt was made to shake this deed ; although I think those circumstances should have weight, even in a clN'K of stronger claim than the present for the admission of parol testimony. But I will take the question in its simplest form. Can parol evidence be admitted, to introduce a new clause or additional words into this deed, so as to vary it materi; *153 ally, and carry the property to another person, different from those entitled to it as the deed now stands,
The general rule certainly is not' to let in parol evidence to explain either deeds or wills : and this rule is founded in great wisdom and caution. It would tend greatly to introduce perjuries, and to unsettle what men had deliberately settled in writing, relative to their estates, to. the great hazard of the titles of all property. Still the judges have been induced to admit parol evidence, in a few cases, and under very peculiar circumstances, to supply some manifest defect, or to explain What was extremely doubtful. This has been done more freely in the cases of wills than of deeds, because they are more frequently executed in haste and without counsel. In deeds, where men act more advisedly, there is more reluctance to admit parol evidence, and the examples of it are very rare, except to prevent a fraud. There has indeed been a good deal of diversity of opinion among successive judges, in what cases parol evidence is admissible. Their sound judgment has approved the rule $ but they have been tempted by particular circumstances, and by a strong desire to get at the whole truth, to make exceptions to the rule. The later cases, founded upon more experience, have gone to establish the rule more firmly, and to narrow the range of the exceptions. Lord Hardwicke, in the case of Ulrich and Litchfield, 2 Atk. 373, lays it down, that courts of law and equity admit parol evidence in two cases only.: first, to ascertain the person where there are two of the same name, or where there has been a mistake in a Christian or surname; secondly, in resulting trusts relating to personal estate. Other cases shew, that to avoid frauds parol evidence is admissible. None of the. cases, however, have ever gone to receive parol evidence, to add distil : ; and independent clauses or new' words to a will, or a deed, which would essentially alter the deed or will, and make a different disposition of the property from that apparent on its face, clearly and unambiguously expressedi It would be dangerous in the *154 highest degree, and contrary not only to the statute of frauds, but to the common law before the statute, as relates to land, in the case under the consideration of the ^0iirc’ thcrois a clear, unambiguous provision, by which WOOL is to be invested by trustees for the use and 0f Robert Simons’s children j and if he should leave no children who should attain a certain age, the property is limited over to his sister Mrs. Holmes, the complainant. It is insisted that a mistake was made in drawing the deed, for, that it was the intention of the .donor to restrict the provision to the children of Mr. Robert Simons by his first marriage, and that parol evidence should bo admitted to prove declarations by the donor, and by a Mr. Bryan, who drew the deed, to that effect, they being both dead.
Iam decidedly of opinion, that such evidence is inad - missible ,* and it would be inadmissible if Mr. Bryan were living and ready to attest to this fact. It would .go. to add to and alter the deed, and give a different destination to the property, contrary to the clear and explicit provisions on its face. It was attempted, in Hampshire and Pierce, 2 Yesey, 216, to limit, by parol evidence, a legacy to the children of one wife, contrary to the words of the will, which spoke generally of the children of the party, without distinguishing the particular brood, by the two wives. But the Court refused to admit the parol evidence even in the case of a will.
, I will not travel over all the cases which establish the doctrine, but refer generally to the following cases : Brown and Selwin, Cases, time of Talbot, p. 240; Whitton vs. Russel, 2 Atk. 448; Ulrich vs. Litchfield, 2 Atk. 373; Parterich vs. Poulett, 2 Atk. 283; Tyrrel vs. Hope, 2 Atk. 558; Rych vs. Jackson, 4 Bro. c. c. 514; Pym vs. Blackburn, 3 Vesey, jr. 34; Conolly vs. Lord Howe, 5 Vesey, jr. 700; Shales vs. Barrington, 1 P. Wms. 481.*
The bill was dismissed.

 See also 1 Bro. c. c. 92. 3 do. 168. 4 do. 514, and 1 Bro. c. c. 338. 3 do. 326. 6 Vesey, 328.